# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PEDRO GONZALEZ-TORRES<br>    *Plaintiffs*,<br><br>v.<br><br>Weldon Roy,<br>    *Defendant.* | No. 3:19-cv-458 (VAB) |

## INITIAL REVIEW ORDER

Pedro Gonzalez-Torres ("Plaintiff"), *pro se* and currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, has sued Lieutenant Weldon Roy under 42 U.S.C. § 1983 for violating his rights under the Fifth and Fourteenth Amendments of the United States Constitution. Compl., ECF No. 1 (Mar. 27, 2019).

For the following reasons, the Complaint is dismissed.

His Section 1983 claims for relief under the Fifth Amendment and for copyright infringement are dismissed with **prejudice**.

To the extent that Mr. Gonzalez-Torres can remedy the deficiencies with respect to his Fourteenth Amendment Due Process and Equal Protection Clause claims, he may file an Amended Complaint by **March 27, 2020**.

**Failure to file an Amended Complaint by March 27, 2020 will result in the dismissal of this case with prejudice.**

1

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

### A. Factual Allegations

On February 2, 2017, Mr. Gonzalez-Torres filed a "UCC-1 [Financing Statement] Security Agreement;[1] Common-Law Copyright and Hold-Harmless & Indemnity Agreement" with Department of Corrections ("DOC") officials. Compl. ¶ 1.

On April 20, 2017, he served then Commissioner of Correction Scott Semple with a "Notice of Copyright and Reservation of Rights." *Id.* ¶ 2. The documents were intended to notify DOC officials that they did not have the right to use Mr. Gonzalez-Torres' copyrighted name, except for specific reasons outlined therein. *Id.* Mr. Gonzalez-Torres has attached copies of these documents as exhibits to his complaint. *See* Pl.'s Exs. 1-3, ECF No. 1 at 6-28 (Mar. 27, 2019).

On February 2, 2018, Mr. Gonzalez-Torres served Lieutenant Roy with the copyright notice, indicating that his name was "copyrighted private property" and that, if Roy continued to violate the terms of that notice, he "would be guilty of infringement." Compl. ¶ 3. One month later, Mr. Gonzalez-Torres issued a written cease and desist warning regarding copyright infringement. *Id.* ¶ 4; Pl.'s Ex. 4, ECF No. 1 at 30 (Mar. 27, 2019).

On June 20, 2018, Lieutenant Roy opened Mr. Gonzalez-Torres' outgoing mail and confiscated several items contained therein, including UCC learning material. Compl. ¶ 5. Mr. Gonzalez-Torres notified Lieutenant Roy that he had not "consented to a business contract with [him]" and demanded that Lieutenant Roy return his property. *Id.* Lieutenant Roy demanded that Mr. Gonzalez-Torres "sign a contract," but Mr. Gonzalez-Torres refused. *Id.* Lieutenant Roy

---

[1] A Unifed Commercial Code ("UCC") financing statement is a legal form that a creditor files to give notice that it has interest in the personal property of a debtor. *What's a UCC?*, WOLTERS KLUWER, https://www.liensolutions.com/blog/2017/06/your-questions-answered-whats-a-ucc/.

then "retaliated" against Mr. Gonzalez-Torres. *Id.* He continues to improperly use Mr. Gonzalez-Torres' copyrighted name. *Id.*

On June 23, 2018, Mr. Gonzalez-Torres served Lieutenant Roy with a bill statement for use of his name, which has not been paid. Compl. ¶ 6; Pl.'s Ex. 6 at 34. He later filed a lien against Lieutenant Roy. *Id.* ¶ 7; Pl.'s Ex. 7, ECF No. 1 at 36 (Mar. 27, 2019).

### B. Procedural Background

On March 27, 2019, Mr. Gonzalez-Torres also filed a motion for the appointment of counsel to represent him in this case, Mot. Appointment of Counsel, ECF No. 3 (Mar. 27, 2019), and a motion to proceed *in forma pauperis*, Mot. *In Forma Pauperis*, ECF No. 2 (Mar. 27, 2019).

On April 16, 2019, the Honorable William I. Garfinkel granted Mr. Gonzalez-Torres' motion to proceed *in forma pauperis*. *See* Order, ECF No. 10 (Apr. 16, 2019).

On October 29, 2019, the Court denied Mr. Gonzalez-Torres' request to appoint counsel, without prejudice to renewal. Order, ECF No. 15 (Oct. 29, 2019).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents

and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (quoting 28 U.S.C. § 1915A).

The Federal Rules of Civil Procedure require that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d

Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

## III. DISCUSSION

### A. Fifth Amendment

Mr. Gonzalez-Torres claims that Lieutenant Roy violated his Fifth and Fourteenth Amendment rights to due process and Fourteenth Amendment right to equal protection of the laws by taking his private property and/or violating the terms of his Security Agreement. Compl. at 3. He seeks damages and injunctive relief. *Id.* at 4. After reviewing the factual allegations, the Court concludes that Mr. Gonzalez-Torres' claims lack merit and he has failed to state any plausible claims for relief under § 1983.

Mr. Gonzalez-Torres cannot state a claim under the Fifth Amendment. The Fifth Amendment applies to the federal government, not to the states. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (finding the Due Process Clause of the Fifth Amendment applies to the federal government and the Due Process Clause of the Fourteenth Amendment applies to the states); *Ambrose v. City of New York*, 623 F. Supp.2d 454, 466–67 (S.D.N.Y. 2009) ("Any due process rights plaintiff enjoys as against state government officials . . . arise solely from the Fourteenth Amendment due process clause."). Mr. Gonzalez-Torres has not alleged that a federal official violated his Fifth Amendment rights.

Accordingly, his Fifth Amendment claim will be dismissed.

### B. Fourteenth Amendment Procedural Due Process

To the extent Mr. Gonzalez-Torres is claiming that Lieutenant Roy violated his Fourteenth Amendment right to due process by confiscating his outgoing mail and its contents, his claim nevertheless fails.

5

"To establish a claim for denial of procedural due process, a prisoner must show that the had a protected liberty interest and was deprived of that interest without being afforded the requisite process." *Alston v. Cahill*, No. 3:07-cv-473 (RNC), 2012 WL 3288923, at *3 (D. Conn. Aug. 10, 2012) (citing *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)). The standard analysis for a claim of a violation of procedural due process "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam).

Here, the only cognizable property interest was Mr. Gonzalez-Torres's outgoing mail. "A [Fourteenth Amendment] due process claim is not available to an inmate whose property is taken or destroyed by a prison [official] if the state provides an adequate remedy for the deprivation of property." *Jackson v. Dzurenda*, No. 3:11-CV-1668 (RNC), 2012 WL 5448330, at *1 (D. Conn. Nov. 7, 2012). Connecticut General Statutes § 4-141 *et seq.* permits such claims to be presented to the state claims commissioner. *Id.* Mr. Gonzalez-Torres has not alleged that he has exhausted these available administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

Accordingly, the Fourteenth Amendment claim regarding the confiscation of Mr. Gonzalez-Torres's personal property will be dismissed.

### C. Fourteenth Amendment Equal Protection Clause

Mr. Gonzalez-Torres also claims that Lieutenant Roy deprived him of equal protection of the laws under the Fourteenth Amendment.

The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. V. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The Equal Protection Clause "protects prisoners from invidious discrimination." *Riddick v. Arnone*, No.3:11-cv-631 (SRU), 2012 WL 2716355, at *3 (D. Conn. Jul. 9, 2012). "To state a claim for an equal protection violation, a plaintiff must plausibly allege that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Rossi v. Fischer*, No. 13-cv-3167 (PKC)(DF), 2015 WL 769551, at *13 (S.D.N.Y. Feb. 24, 2015) (quoting *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005)). A prisoner may also state an equal protection claim under the "class of one theory." To state such a claim, he must allege that (1) he has been intentionally treated differently than other similarly situated inmates; and (2) there is no rational basis for the disparity in treatment. *Holmes v. Haugen*, 356 F. App'x 507, 509 (2d Cir. 2009); *Green v. Martin*, 224 F. Supp. 3d 154, 171 (D. Conn. 2016). The prisoner must allege an extremely high "level of similarity with the person to whom he is comparing himself." *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008). His circumstances and the other person's must be "prima facie identical." *Id*. at 105.

Here, however, there are no factual allegations showing that Lieutenant Roy discriminated against Mr. Gonzalez-Torres or treated him differently than any other inmate.

Accordingly, his equal protection claim will be dismissed.

### D. Copyright Infringement

Finally, to the extent Mr. Gonzalez-Torres seeks to sue Lieutenant Roy for copyright infringement or any other tort violations, such claims are not cognizable under § 1983. Only constitutional violations are actionable and compensable under § 1983. *See Singer v. Fulton Cty.*

*Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995) ("The Supreme Court has recognized that, '[i]n some cases, the interests protected by a particular branch of the common law of torts may parallel closely the interests protected by a particular constitutional right,' still, it is only the violation of the constitutional right that is actionable and compensable under § 1983." (citations omitted)).

Accordingly, any copyright infringement claims, tort violations, or common law claims against Lieutenant Roy will be dismissed.

E. **Leave to Amend the Complaint**

The Second Circuit has held that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)) (internal quotation marks omitted). This is because "a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

But by the same token, where there is no indication that a valid claim be stated after a liberal reading of a *pro se* plaintiff's complaint, the Court need not grant leave to amend. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend"); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("We do not find that the complaint 'liberally read' suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she could therefore be given a chance to reframe . . . . . The problem

with [this *pro se* plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citations, internal quotation marks, and alterations omitted).

Because Mr. Gonzalez-Torres's Fifth Amendment and copyright infringement claims are fatally flawed, for the reasons discussed above, the Court will not grant leave to amend these two claims. To the extent that Mr. Gonzales-Torres can allege that he exhausted his administrative remedies, he may amend his Complaint to re-allege this claim. Similarly, to the extent that he can cure the fatal deficiencies noted above, regarding his equal protection claim, he may amend his Complaint to re-allege this claim.

## IV. CONCLUSION

For the reasons discussed above, the Complaint is **DISMISSED.**

His Section 1983 claims for relief under the Fifth Amendment and for copyright infringement are dismissed with **prejudice**.

To the extent that Mr. Gonzalez-Torres can remedy the deficiencies with respect to his Fourteenth Amendment Due Process and Equal Protection Clause claims, he may file an Amended Complaint by **March 27, 2020**.

**Failure to file an Amended Complaint by March 27, 2020 will result in the dismissal of this case with prejudice.**

**SO ORDERED** at Bridgeport, Connecticut this 23rd day of January, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE